**Irvelt HYPPOLITE, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–3937–AG.**

United States Court of Appeals, Second Circuit.

Jan. 19, 2006.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Laura N. Jasinsky, Stamford, Connecticut, for Petitioner.

Paul J. McNulty, United States Attorney for the Eastern District of Virginia, Mark A. Exley, Assistant United States Attorney, Norfolk, Virginia, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. REENA RAGGI, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Irvelt Hyppolite, through counsel, petitions for review of the BIA decision affirming an immigration judge's ("IJ") decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the IJ's decision where, as here, the BIA summarily adopted or affirmed the IJ's decision without opinion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000).

The IJ found that Hyppolite was not credible that he feared persecution because of political views. Although this finding was minimally and perhaps inappropriately supported by minor inconsistencies, it was reasonably supported by the testimony that Hyppolite went forward with his plans to vacation in the United States at the end of 2001 and that his wife made a vacation trip to the United States in March and April 2002 and returned to Haiti; the IJ relied on testimony that the couple left their children in Haiti, a circumstance that he found undermined the credibility of the claim that the couple was fearful for their children's safety. The IJ also reasonably doubted the explanation

that the children, aged 6 and 2, were left behind because they were in school. Moreover, the IJ was reasonably skeptical of the petitioner's claim that he was a target of persecution because of his work in assisting with disaster relief. Even if the minor inconsistencies are disregarded, we are confident that the IJ would make the same finding about credibility and deny relief.

Hyppolite also challenges the IJ's denials of withholding of removal and CAT relief. However, he failed to exhaust these claims in his brief to the BIA, and therefore this Court does not have jurisdiction to address them. *See* 8 U.S.C. § 1252(d)(1); *Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005); *Foster v. INS,* 376 F.3d 75, 78 (2d Cir.2004).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).